**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4635**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

MISAEL AVELLANEDA-CAMPOS,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge. (1:11-cr-00298-WO-1)

———————————

Submitted:  April 25, 2013          Decided:  April 29, 2013

———————————

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

George E. Crump, III, LAW OFFICE OF GEORGE E. CRUMP, III, Rockingham, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Misael Avellaneda-Campos ("Campos") pled guilty, without a plea agreement, to illegal reentry following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to seventy-two months' imprisonment. He appeals. Campos' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but challenges Campos' sentence. Although advised of his right to file a supplemental pro se brief, Campos has not done so. Finding no error, we affirm.

Counsel first questions whether the district court plainly erred by failing to compel the Government to move for a reduction in offense level under U.S. Sentencing Guidelines Manual § 3E1.1(b) (2011) for acceptance of responsibility. See United States v. Olano, 507 U.S. 725, 732 (1993) (applying plain error standard for unpreserved error). At sentencing, the court applied a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). An additional one-level acceptance of responsibility reduction was possible only if the Government moved for the reduction. See USSG § 3E1.1(b). The district court did not plainly err by refusing to compel the Government to move for this additional reduction because Campos did not plead guilty until the day of

2

trial.  See USSG § 3E1.1 cmt. n.6. ("[t]o qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.").

Counsel also challenges the substantive reasonableness of Campos' within-Guidelines sentence.  We review Campos' sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence.  Id.  We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id. at 49–50; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010).  If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a

3

presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Campos has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Campos' conviction and sentence. This court requires that counsel inform Campos, in writing, of the right to petition the Supreme Court of the United States for further review. If Campos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Campos. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4